UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY MANN,

      Plaintiff,

vs.

Case No. 07-CV-12857
HON. GEORGE CARAM STEEH

GINO J. AGNELLO, et al.,

      Defendants.

_____/

ORDER DENYING MOTION TO VACATE APRIL 11, 2008 AND
NOVEMBER 29, 2007 ORDERS (# 18);
DENYING RULE 59(e) MOTION TO VACATE JUDGMENT (# 22);
DENYING MOTION FOR RULING REGARDING DEFENDANTS' SUBMISSION
TO JURISDICTION OF COURT (# 20); AND
DENYING MOTION FOR JUDICIAL RECUSAL (#19)

Plaintiff Beverly Mann's claims were dismissed on November 29, 2007 for lack of prosecution. Mann's motion to vacate the November 29, 2007 Order of dismissal was denied on December 6, 2007. Mann's motion for reconsideration of the December 6, 2007 Order was denied on December 11, 2007. Mann filed a notice of appeal with respect to all three Orders on January 25, 2008. Mann's motion to suspend payment of the appellate filing fee was denied on March 3, 2008. On March 28, 2008 the Clerk of the Court erroneously issued summonses for service as to Mann's dismissed claims. The court issued an April 11, 2008 Order invalidating the summonses as being of no force and effect.

On April 14, 2008, Mann filed a motion to vacate the November 29, 2007 Order dismissing her claims, and the April 11, 2008 Order invalidating the summonses issued on

March 28, 2008. On that same date, Mann filed a motion for judicial recusal. On April 20, 2008, Mann filed a motion for a favorable ruling on her argument regarding the defendants' submission to the court's personal jurisdiction. On April 30, 2008, Mann filed a motion pursuant to Rule 59(e) to vacate judgment.

## I. April 14, 2008 Motion to Vacate
## November 29, 2007 and April 11, 2008 Orders

Mann's motion to vacate the November 29, 2007 Order constitutes a third successive motion for reconsideration. As previously noted, the court rules do not provide for successive motions for reconsideration. See December 11, 2007 Order. Mann's untimely, successive motion for reconsideration of the November 29, 2007 Order also fails to demonstrate palpable error. E.D. Mich. LR 7.1(g)(3).

Mann's motion to vacate the April 11, 2008 Order invalidating March 28, 2008 summonses issued by the Clerk of the Court also fails to show palpable error. Mann's complaint, and with it the claims therein, were dismissed on November 29, 2007. Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal must be filed within 30 days after the order to be appealed is "entered." Federal Rule of Appellate Procedure 4(a)(7)(ii) provides that, where a judgement is not set forth in a separate document, the order is deemed "entered" 150 days after entry on the civil docket. The fact that Mann had 150 days after entry of the November 29, 2007 Order dismissing her claims to file a notice of appeal had no effect on the force of the November 29, 2007 Order; as of November 29, 2007, Mann's claims were dismissed. See Fed. R. App. P. 7, 8. Whatever the reason, the Clerk of the Court could not issue valid summonses for this lawsuit after November 29, 2007 without court order. Fed. R. Civ. P. 4(m). Receiving information from the Clerk of the Court does not constitute an ex parte communication. It is also worth noting that the only party to this lawsuit before it was dismissed on November 29, 2007 was plaintiff Mann.

Mann's argument that the dismissal of her lawsuit was not a dismissal of her claims is without merit. No further clarification of the November 29, 2007 and April 11, 2008 Orders is required. Mann has failed to demonstrate palpable error. E.D. Mich. LR 7.1(g)(3).

## II. April 30, 2008 Motion to Vacate Judgment

Mann's motion to vacate the November 29, 2007 Order, which she argues became a judgment "effective" on April 28, 2008, is based on the erroneous premise that Federal Rule of Appellate Procedure 4(a)(7)(ii) extended her lawsuit through April 28, 2008. As explained in Section I, it did not. See Fed. R. App. P. 4(a)(1), 4(a)(7)(ii), 7, and 8. The motion is without merit.

## III. April 20, 2008 Motion For Ruling Regarding
## Defendants' Jurisdiction Submission to Jurisdiction of the Court

Mann argues that, consistent with Ins. Corp. of Ireland, Ltd. v. Compagnie, 456 U.S. 694 (1982), anyone who contacted the court after receiving a March 28, 2008 summons has consented to the personal jurisdiction of the court. Compagnie held that a district court may sanction a party under discovery rule Rule 37(b)(2)(A) by entering an order that the offending party, through its actions, consented to the court's personal jurisdiction. Here, no party-defendants were joined to Mann's lawsuit before it was dismissed on November 29, 2007. Rule 37 is inapplicable. Compagnie is inapplicable. Mann's argument that anyone who contacted the court after receiving an invalid March 28, 2008 summons consented to the court's personal jurisdiction is without merit.

## IV. April 14, 2008 Motion for Judicial Recusal

Mann's motion for judicial recusal is premised on the argument that the claimed ex parte communication gives the court a personal incentive to deny her motions, substantially affecting the outcome of these proceedings. These proceedings were dismissed on November 29, 2007. The arguments advanced by Mann in the instant motion fail as a

3

matter of law. The court has no personal interest in this lawsuit. Mann's motion for recusal is baseless.

For the reasons set forth above, Mann's April 14, 2008 motion to vacate the courts' November 29, 2007 and April 11, 2008 Orders is hereby DENIED. Mann's April 14, 2008 motion for judicial recusal is hereby DENIED. Mann's April 20, 2008 motion for a favorable ruling on her argument regrading the defendants' submission to the court's personal jurisdiction is hereby DENIED. Mann's April 30, 2008 motion pursuant to Rule 59(e) to vacate judgment is hereby DENIED.

SO ORDERED.

Dated: May 16, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk